FILED
2023 Oct-03  PM 05:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**Tuscaloosa Division**

DAVID RISSLING, ERIC PEEBLES, GAIL CLAYTON, GILLEY PRESSLEY, and THE NATIONAL FEDERATION OF THE BLIND OF ALABAMA,

*Plaintiffs*,

vs.

MAGARIA BOBO *in her official capacity as Absentee Election Manager of Tuscaloosa County, Alabama*, SUSAN POTTS *in her official capacity as Absentee Election Manager of Mobile County*, and JACQUELIN ANDERSON-SMITH *in her official capacity as Absentee Election Manager of Jefferson County, Birmingham Division*,

*Defendants*.

Case No.: _____

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**INTRODUCTION**

1.     Plaintiffs the National Federation of the Blind of Alabama, Eric Peebles, Beverly Clayton, David Rissling, and Gilley Pressley bring this action to vindicate the right of individuals who are blind[1] or have print disabilities[2] and who seek to exercise their right to vote privately and independently by absentee ballot. Defendants—Magaria Bobo, the Absentee Election Manager of Tuscaloosa County, Alabama; Susan Potts, the Absentee Election Manager of

---

[1] For semantic convenience throughout this Complaint, the term "blind" is used in its broadest sense to include all persons who, under federal civil rights laws, have a vision-related disability that requires alternative methods to access print.

[2] "Print disabilities" are all disabilities that interfere with a person's ability to read, mark, and handle printed paper documents. Those disabilities include vision disabilities, manual dexterity disabilities such as cerebral palsy, and other physical disabilities such as quadriplegia.

Mobile County: and Jacquelin Anderson-Smith, the Absentee Election Manager of Jefferson County, Birmingham Division—all use absentee ballot programs that require voters with vision and print disabilities to secure another person's assistance to complete their absentee ballot. This requirement violates federal law.

2.       Alabama is among the top eight states in the country for its percentage of residents with vision impairments (3.1%).[3] This percentage exceeds the national average of 2.5%.

3.       Blind and print disabled Alabamians, like U.S. citizens across the country, are proud to exercise the duty and right to vote for their elected representatives. Yet, when trying to vote in person, they face major barriers, including, but not limited to transportation, untrained poll workers, and inaccessible voting technology.

4.       While Alabama law purports to make absentee voting accessible to voters who are blind or who have print disabilities, Defendants fall well short of their promise and legal obligation to do so. Defendants exclude blind and print disabled Alabamians from their absentee voting system because their absentee ballots are transmitted, marked, and returned entirely on paper and are thus inaccessible to those who are blind or have print disabilities and thus require assistance to complete these absentee ballots.

5.       To vote privately and independently by absentee ballot, Plaintiffs and other voters with vision and print disabilities need an accessible electronic ballot that they can read and mark

---

[3] Rehabilitation Research and Training Center on Disability Statistics and Demographics, *2023 Annual Disability Statistics Compendium* 23, https://disabilitycompendium.org/sites/default/files/user-uploads/v1-Accessible_2023_Annual_Disability_Statistics_Compendium_ALL_Final.pdf.

on their own computers or smart devices, using their own assistive technology. Accessible electronic ballots are available and widely used across the country.

6.      In fact, Alabama law already makes absentee ballots available electronically to citizens living overseas and citizens in the military. Alabama also allows overseas and military voters to return their absentee ballots electronically. Thus, Defendants have the technological means available to provide ballots electronically to, and accept marked ballots electronically from, voters with print and vision disabilities.

7.      Defendants' exclusive reliance on paper ballots for non-overseas and military voters prevents blind and print disabled voters in Jefferson, Tuscaloosa, and Mobile Counties from participating in absentee voting with the privacy and independence afforded to voters without disabilities. The Defendants' absentee voting programs provide no alternatives to accommodate blind and print disabled individuals.

8.      By requiring blind and print disabled voters to seek another person's assistance to complete a paper ballot, Defendants' absentee ballot systems violate Plaintiffs' right to vote privately and independently when voting absentee. Because individuals without disabilities may cast their votes by absentee ballot privately and independently, Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 *et seq.*, require Defendants to provide individuals with disabilities—including Plaintiffs—an equal opportunity to do the same.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because Plaintiffs' claims arise under the ADA and Section 504. In addition, the Court has jurisdiction over Plaintiffs' claims for declaratory relief pursuant to 28 U.S.C. §§ 2201–02.

10.     Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events and omissions that give rise to Plaintiffs' claims occurred in this district.

## PARTIES

11.     Plaintiff Eric Peebles, PhD, is registered to vote in Alabama. He resides in Mobile, Alabama and is eligible to vote absentee because he is a voter with a print disability.

12.     Dr. Peebles has cerebral palsy and quadriplegia. These conditions make it difficult for him to read printed text and handle printed materials. He uses WYNN Wizard screen reader software on his computer to interact with electronic information.

13.     Voting independently and privately is important to Dr. Peebles. Promoting the independence of people with disabilities is also important to him. Dr. Peebles is the Chief Executive Officer of the Independent Living Center of Mobile ("ILC Mobile"), which seeks to empower people with disabilities to live active, self-determined lives.

14.     Dr. Peebles voted absentee in the 2020 general election but was unable to do so privately and independently because Mobile County does not provide an accessible electronic ballot for voters with print disabilities. To cast his absentee ballot, Dr. Peebles had to have his care aide read the ballot to him. He then had to divulge to his care aide his voting choices, and she filled out the paper ballot accordingly and mailed it.

15.     Dr. Peebles was unable to vote in the 2022 general election, in person or absentee. Dr. Peebles attempted to vote in person, but because the Mobile County Board of Elections had changed several polling locations and his apartment complex did not update its information regarding the tenants' polling location, he went to the wrong polling location. He did not have time to find his correct polling location because ILC Mobile was a polling site for Mobile County, and as the CEO of ILC Mobile, he did not want to leave the site unattended as he

wanted to ensure that voting went smoothly for ILC Mobile's clients. Dr. Peebles did not request an absentee ballot because of his experience of not being able to vote privately and independently in 2020.

16.     Dr. Peebles intends to vote in future elections, and his preference is to vote absentee. His disability makes it difficult for him to reach his polling place.

17.     Plaintiff Beverly Gail Clayton is a blind individual residing in Jefferson County. Her vision has been impaired since 2013. She uses an iPhone to access digital information using the VoiceOver screen reader tool.

18.     Ms. Clayton is a registered voter. She has voted in person exclusively to date.

19.     The assistive technology at Ms. Clayton's polling place that would enable her to vote privately and independently often is not functioning, and when it is functioning, it is not available because someone else is using it, resulting in long wait times to vote.

20.     When Ms. Clayton cannot use the assistive technology in her polling place, she must rely on poll workers to help her complete her ballot. As a result, Ms. Clayton is forced to divulge her voting choices to the poll worker assisting her, violating her right to vote privately and independently.

21.      If Ms. Clayton were able to vote absentee without assistance, she would be able to vote privately and independently.

22.     Plaintiff David Rissling is a blind individual residing in Tuscaloosa, Alabama. He has computer access at home and uses the NonVisual Desktop Access ("NVDA") and VoiceOver for Mac tools to access digital information.

23.     Mr. Rissling is registered to vote. In most previous elections, he has voted in person using the Ballot Marking Device (BMD) at his polling place, which reads the ballot to

him while he wears headphones and then allows him to make his selections. When he votes in person, he requires assistance getting to the BMD and then bringing his ballot to the tabulator to feed it in after he has finished making his selections. While he is voting in person, he has to trust that the poll worker who assisted him in getting set up on the BMD moves far enough away so as not to observe his voting selections. Voting privately and independently is very important to him.

24.     In June 2022, Mr. Rissling needed to vote absentee due to planned travel on the date of the election, but realized he would not be able to complete a paper absentee ballot at home without assistance from another person. Because he did not have someone available who he felt comfortable assisting him with voting absentee at home (i.e., someone he trusted to see his voting selections and to assist him properly to ensure his ballot was ultimately counted) he voted absentee in person at the office of the Tuscaloosa Circuit Clerk. He had to arrange for a friend to drive him, otherwise he would have paid for a rideshare service or utilized paratransit.

25.     Mr. Rissling intends to vote in future elections, and his preference is to have the option of voting absentee privately and independently should another situation arise where he cannot make it to the polls because of travel or illness. Mr. Rissling is not comfortable with someone assisting him with voting absentee because he wants to keep his voting selections private.

26.     Plaintiff Gilley Pressley resides in Tuscaloosa, Alabama. She has been legally blind since birth. She uses Job Access With Speech ("JAWS") screen reader technology to read documents, websites, and other print materials provided in electronic format.

27.     Ms. Pressley is registered to vote and has previously voted in person without assistance.

28.     Ms. Pressley has voted absentee once before, but because the absentee ballot is in print, hardcopy format that must be completed in writing, she was forced to seek assistance to complete it. Ms. Pressley was deeply frustrated that she could not privately and independently vote absentee like sighted voters.

29.     Ms. Pressley values the right to vote privately and independently. She plans to vote in every election in the future and wishes to do so privately and independently.

30.     Plaintiff National Federal of the Blind of Alabama ("NFB-AL") is the Alabama affiliate of the National Federation of the Blind. NFB-AL is a 501(c)(3) non-profit corporation with membership composed of blind Alabama residents and their families and friends. The organization promotes the general welfare of the blind by assisting the blind in their efforts to integrate themselves into society on terms of equality and by removing barriers that result in the denial of opportunity to blind persons in virtually every sphere of life, including education, employment, family, civic, and community life. NFB-AL's goals include removal of legal, economic, and social discrimination. NFB-AL advances its members' right to participate fully and equally in all aspects of their lives, including by ensuring its blind members can vote on an equal footing with every other Alabama resident.

31.     NFB-AL has many blind members, including Beverly Clayton, David Rissling, and Gilley Pressley, who are registered to vote in Tuscaloosa, Mobile, and Jefferson Counties, are eligible to vote absentee, and wish to vote in upcoming elections by casting absentee ballots privately and independently. NFB-AL brings this lawsuit on behalf of itself and on behalf of its members.

32.     Defendant Magaria Bobo is the Circuit Clerk for Tuscaloosa County and is sued in her official capacity. As Circuit Clerk, Defendant Bobo serves as the Absentee Election

Manager ("AEM") for federal, state, and county elections in in Tuscaloosa County. In that role, she is charged with implementing Alabama's law relating to absentee ballots, processing and distributing absentee ballot applications, and validating and canvassing absentee ballots. With respect to electronic absentee voting, Defendant Bobo bears responsibility for handling applications, ballots, and voter qualification for absentee voters in Tuscaloosa County.

33.    Defendant Susan Potts is the Absentee Election Manager for Mobile County and is sued in her official capacity. Defendant Potts serves as the AEM for federal, state, and county elections in in Mobile County. In that role, she is charged with implementing Alabama's law relating to absentee ballots, processing and distributing absentee ballot applications, and validating and canvassing absentee ballots. With respect to electronic absentee voting, Defendant Potts bears responsibility for handling applications, ballots, and voter qualification for absentee voters in Mobile County.

34.    Defendant Jacqueline Anderson-Smith is the Circuit Clerk for Jefferson County and is sued in her official capacity. As Circuit Clerk, Defendant Anderson-Smith serves as the AEM for federal, state, and county elections in the Birmingham division of Jefferson County. In that role, she is charged with implementing Alabama's law relating to absentee ballots, processing and distributing absentee ballot applications, and validating and canvassing absentee ballots. With respect to electronic absentee voting, Defendant Anderson-Smith bears responsibility for handling applications, ballots, and voter qualification for absentee voters in the Birmingham division of Jefferson County.

## FACTS

**Use of Accessible Electronic Documents by Blind and Print-Disabled Individuals**

35.    Blind people and people with print disabilities access documents from personal computers or smart devices by using keyboards in conjunction with screen reader software

and/or voice-to-text software. Screen reader software reads aloud, or displays on a refreshable Braille display, the visual information on the electronic page. Voice-to-text software renders the speech of the user as text on the computer or smart device screen.

36.   Blind people and people with print disabilities can independently access and interact with printed materials only when they are in accessible electronic formats (*e.g.*, Word or html) that are compatible with screen reader software. When electronic documents are compatible with screen reader software, blind and print disabled people can fully and independently access and interact with the documents.

37.   Several screen reader software programs are available, including JAWS, NVDA, and VoiceOver.

38.   The World Wide Web Consortium ("W3C") develops international standards for the web. The Web Content Accessibility Guidelines 2.0, Success Criteria A and AA, issued by the W3C Web Accessibility Initiative, provide an international consensus standard for making electronic materials accessible to blind and print disabled people using screen reader software. These guidelines do not depend on the type of screen reader software being used. The guidelines have been adopted as the legal standard for federal government technology under Section 508 of the Rehabilitation Act, 36 C.F.R. § 1194.1, App. A, E205.4, and certain state laws, regulations, and policies, including the State of Alabama Information Technology Standard, Standard 530S2-00: Universal Accessibility.[4] *See also, e.g.*, TX Admin. Code §§ 213.10, 213.11, 213.15, 213.16;

---

[4] https://oit.alabama.gov/wp-content/uploads/2017/09/Standard_530S2_Universal_Accessibility.pdf.

Pennsylvania Information Technology Policy ITP-ACC001;[5] Kansas ITEC Policy 1210,

Revision 3, Information and Communication Technology Accessibility.[6]

### The Absentee Ballot Process

39.     Alabama law guarantees "every voter in Alabama . . . the right to vote a secret

ballot, and that ballot shall be kept secret and inviolate." Ala. Code § 17-6-34.

40.     Since at least 1975, absentee voting in Alabama has been available to certain

voters, including those who have "any physical illness or infirmity which prevents [their]

attendance at the polls." Ala. Code § 17-11-3(a)(2).

41.     Likewise, absentee voting is available to any person who is:

> "PHYSICALLY INCAPACITATED AND WILL NOT BE ABLE TO
> VOTE IN PERSON BECAUSE THEY CANNOT ACCESS THEIR
> ASSIGNED POLLING PLACE DUE TO ONE OF THE FOLLOWING
> DISABILITIES (neurological, musculoskeletal, respiratory (including
> speech organs), cardiovascular, or other life-altering disorder that
> affects his or her ability to perform manual tasks, stand for any length
> of time, walk unassisted, see, hear or speak) <u>AND</u>: A) HE OR SHE IS
> AN ELDERLY VOTER AGED 65 OR OLDER; OR B) HE OR SHE
> IS A VOTER WITH A DISABILITY." [7]

42.     Absentee voting is also available to other categories of voters, including voters

living outside their county of residence, such as members of the armed forces or college

students.[8]

43.     An order from Governor Kay Ivey temporarily expanded eligibility for Alabama

voters to cast absentee votes in the 2020 elections due to the COVID-19 pandemic. Although

---

[5] http://www.oa.pa.gov/Policies/Documents/itp_acc001.pdf.

[6] https://ebit.ks.gov/itec/resources/policies/policy-1210.

[7] *Absentee Voting Information*, Ala. Sec'y of State, https://www.sos.alabama.gov/alabama-votes/voter/absentee-voting (last visited Oct. 2, 2023).

[8] *Id.*

nearly all Alabama voters could vote privately and independently by absentee ballot in 2020, blind and print disabled voters were still excluded from doing so because Alabama relied exclusively on paper absentee ballots for voters living in the U.S.

44.     Alabama law specifically and explicitly permits voters with disabilities, such as Plaintiffs, to vote absentee. Ala. Code § 17-11-3.1.

45.     Individuals who wish to vote absentee in Alabama must first request an absentee ballot from their county's AEM. The application for absentee ballot for each Alabama county is online on the Secretary of State's website. However, the ballot itself is provided only in hardcopy, paper format to absentee voters living in the U.S.

46.     Alabama voters receive three envelopes with their absentee ballot: a secrecy envelope, an affidavit envelope, and a pre-addressed outer envelope. Once a voter receives the absentee or mail-in ballot and three envelopes in the mail, the voter must complete the following steps:

1.     Locate the envelope sent to the voter's address, which contains the ballot, secrecy envelope, affidavit envelope, and outer envelope;

2.     Open the envelope and identify the ballot, the secrecy envelope, affidavit envelope, and outer envelope;

3.     Read the ballot and fill it out by hand using a pen;

4.     Place and seal the completed ballot inside the secrecy envelope;

5.     Place the secrecy envelope inside the affidavit envelope;

6.     Seal the affidavit envelope and complete the affidavit printed on the outside;

7.     Sign the affidavit and have the signature witnessed by either a notary public or two witnesses 18 years of age or older;

8.     Place and seal the affidavit envelope inside the pre-addressed outer envelope; and

9.     Place the outer envelope in the mail.

**Alabama's Absentee Ballot Process Is Not Accessible**

47.     Defendants' absentee voting processes allow a sighted individual to vote secretly, independently, and privately without having to reveal their voting choices to anyone or travel to a polling place on election day.

48.     Blind individuals and those with print disabilities, including Plaintiffs, cannot read the printed text that appears on the absentee ballot, mark the paper ballot, or complete the multi-step ballot return process described above without assistance.

49.     Because Plaintiffs and other Tuscaloosa, Mobile, and Jefferson County voters who are blind or print disabled must rely on the assistance of another person, they cannot vote secretly, privately, and independently using absentee ballots.

**Mechanisms are Available to Provide Accessible Absentee Ballots.**

50.     Accessible alternatives to paper absentee ballots exist and are used in other states.

51.     Implementing accessible electronic alternatives to paper absentee ballots would afford Plaintiffs an equal opportunity to vote secretly, privately, and independently via absentee ballot.

52.     Technology is readily available that would provide Plaintiffs, and other voters with vision and print disabilities, the opportunity to cast their votes through accessible electronic absentee ballots. Accessible electronic absentee ballots enable individuals with vision and print disabilities to vote privately and independently by absentee ballot—as sighted individuals may do.

53.     Remote Accessible Vote-By-Mail ("RAVBM") systems provide an electronic version of the ballot that is readable and fillable using a voter's screen reader software.

54.     Many jurisdictions provide remote accessible absentee ballot marking tools using commercially available RAVBM systems that allow voters to receive ballots online or by email,

mark ballots on their computers using assistive technology, and return ballots via online submission, email, or mail.

55.     In fact, Alabama uses a RAVBM for its military and overseas absentee voters.

56.     The State of Maryland developed an online ballot marking tool that allows voters to view and mark their absentee ballots on their computers. Maryland created the tool to work with screen access software and has extensively tested the tool's usability for individuals with a range of disabilities.

57.     On information and belief, Maryland shares its online ballot marking tool technology with other states at no charge.

58.     Many other states and local boards of elections across the country have implemented RAVBMs such as the Democracy Live voting system, the Enhanced Voting system, the Prime III system, and/or the Five Cedars Alternate Format Ballot to make their absentee voting programs accessible.

59.     These RAVBM systems have been approved for use in Oregon, Washington, New Hampshire, California, Ohio, Colorado, Hawaii, Michigan, New York, Pennsylvania, Delaware, West Virginia, Virginia, and the District of Columbia, among other jurisdictions.

60.     The use of RAVBM systems in other states demonstrates that electronic absentee voting systems can be made accessible and available to voters with vision and print disabilities in Alabama.

**Alabama Offers Electronic Ballots to Overseas and Military Voters but Has Refused to Provide Them to Blind and Print Disabled Voters**

61.     Defendants make available a separate absentee voting system to Alabama voters who live overseas or who are active members of the military.

62.     Military and overseas voters may receive their absentee ballots electronically through this system.

63.     Overseas voters, including military voters who are outside the U.S., may also return their ballots electronically.

64.     The ADA and Section 504 require these electronic ballots to be accessible for overseas voters with vision and print disabilities. They can be made accessible and available to voters with vision and print disabilities.

65.     Alabama has refused to make its existing electronic ballots available to voters with vision and print disabilities who are eligible to vote absentee.

66.     In June 2022, NFB-AL and individual Alabama voters, including Dr. Peebles, filed a lawsuit against the Alabama Secretary of State, seeking RAVBM availability for blind and print-disabled Alabama voters as a remedy. *See Nat'l Fed'n of the Blind of Alabama et al. v. Allen*, No. 2:22-cv-721-CLM (N.D. Ala. dismissed Mar. 15, 2023).

67.     The Secretary moved to dismiss that lawsuit, arguing, in part, that the plaintiffs' injuries were traceable to and redressable by county AEMs instead.

68.     The District Court agreed, granting the motion and dismissing the case, writing that "the AEMs 'remain lawfully entitled' to limit electronic ballot access to the groups named by the Alabama Legislature 'unless and until they are made parties to a judicial proceeding that determines otherwise.'" Mem. Op. 11 (Mar. 15, 2023), *Nat'l Fed'n of the Blind of Alabama et al. v. Allen*, No. 2:22-cv-721-CLM (N.D. Ala. dismissed Mar. 15, 2023)., ECF No. 30.

## COUNT I
### Violation of Title II of the Americans with Disabilities Act
### (42 U.S.C. § 12131–12134)

69.     Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

70.     Title II of the ADA guarantees qualified individuals an equal opportunity to access the benefits of the services, programs, or activities of a public entity. 42 U.S.C. § 12132.

71.     Title II mandates that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Id.*

72.     In providing aids, benefits, or services, public entities may not "[a]fford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," nor may public entities provide qualified individuals with disabilities "an aid, benefit, or service that is not as effective in affording equal opportunity" to obtain the same result or benefit as provided to others. 28 C.F.R. § 35.130(b)(1)(ii)-(iii).

73.     Public entities must make reasonable modifications to their policies, practices, and procedures when necessary to avoid discriminating against individuals with disabilities. *Id.* § 35.130(b)(7)(i).

74.     Furthermore, public entities "shall take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others," and "shall furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity." *Id.* § 35.160.

75.    To be effective, "auxiliary aids and services must be provided in . . . such a way as to protect the privacy and independence of the individual with a disability." *Id.* § 35.160(b)(2).

76.    Auxiliary aids and services include "screen reader software; magnification software; optical readers; … accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." *Id.* § 35.104.

77.    Because they are blind, Ms. Clayton, Mr. Rissling, Ms. Pressley, and other NFB-AL members are individuals with disabilities protected by the ADA. *See* 42 U.S.C. § 12102; 28 C.F.R. § 35.108(a)(1), (b)(1)(i), (b)(2), (c)(1)(i); 28 C.F.R. § 35.108(d)(2)(iii)(B) ("Blindness substantially limits seeing.").

78.    Because he has cerebral palsy, Dr. Peebles is an individual with a disability protected by the ADA. *See Id*; 28 C.F.R. § 35.108(d)(2)(iii)(G) ("Cerebral palsy substantially limits brain function.").

79.    Ms. Clayton, Mr. Rissling, Ms. Pressley, Dr. Peebles, and NFB-AL members are registered to vote in Alabama, are eligible to vote absentee, and would like to be able to vote absentee privately and independently in Alabama elections.

80.    Ms. Clayton, Mr. Rissling, Ms. Pressley, Dr. Peebles, and NFB-AL members are qualified to receive voting services from Defendants and are entitled to the protections afforded under the ADA. *See* 42 U.S.C. § 12131(2).

81.    Absentee voting is a service, program, or activity provided by Defendants.

82.    Defendants' absentee voting processes discriminate against Plaintiffs and other blind and print disabled voters because these individuals cannot read or mark their ballots secretly, privately and independently, but voters without vision and print disabilities can.

83.     Defendants have failed to provide Plaintiffs and other blind and print disabled voters with an opportunity to vote by absentee ballot that is equal to the opportunity provided to voters that do not have disabilities.

84.     Defendants have failed to make reasonable modifications to Alabama's absentee voting process by offering accessible electronic voting to Plaintiffs and other voters who are blind or print disabled.

85.     Defendants have failed to provide Plaintiffs and blind voters auxiliary aids and services necessary to afford them equally effective communication with equivalent privacy and independence by providing accessible electronic absentee ballots.

86.     Defendants have excluded and continue to exclude Plaintiffs and other voters who are blind or print disabled from participating in, and denied them the benefits of, or otherwise discriminated against them in, the service, program, or activity of absentee voting.

87.     Accessible absentee ballot systems are readily available, and such systems would allow independent, private absentee voting for people who are unable to read and mark a paper absentee ballot by reason of disability.

88.     Defendants already provide electronic ballots to overseas and military voters and permit overseas voters to return their ballots electronically.

89.     As a result of Defendants' actions and inactions, Ms. Clayton, Mr. Rissling, Ms. Pressley, Dr. Peebles, and NFB-AL members, have suffered and continue to suffer from discrimination and unequal access to Defendants' programs, services, or activities. In the absence of injunctive relief, Plaintiffs will be denied their right to vote privately and independently by absentee ballot.

90.     Ms. Clayton, Mr. Rissling, Ms. Pressley, Dr. Peebles, and NFB-AL members are at imminent risk of irreparable harm absent injunctive relief providing an accessible, electronic absentee voting option in upcoming elections.

91.     Defendants' failure to meet their obligations to provide blind and print disabled voters with an equal opportunity to vote by absentee ballot is an ongoing violation of the ADA and its implementing regulations.

## COUNT II
### Violation of Section 504 of the Rehabilitation Act of 1973
### (29 U.S.C. § 794 *et seq.*)

92.     Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

93.     Plaintiffs Ms. Clayton, Mr. Rissling, Ms. Pressley, Dr. Peebles, and NFB-AL members are individuals with disabilities who are registered and eligible to vote and are protected by Section 504.

94.     Section 504 mandates that "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." *Id.* § 794(a).

95.     Section 504 defines "program or activity" to include "all of the operations of . . . a department, agency, special purpose district, or other instrumentality of a State or of a local government" or "the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government[.]" *Id.* § 794(b)(1).

96.     Such federally funded entities may not, in providing aids, benefits, or services, "[d]eny a qualified handicapped person the opportunity accorded others to participate in the program or activity receiving Federal financial assistance." 28 C.F.R. § 42.503(b)(1)(i).

97.     Such federally funded entities must also "insure that communications with their … beneficiaries are effectively conveyed to those having impaired vision and hearing," *id.* § 42.503(e), and, if the entity has 15 or more employees, must "provide appropriate auxiliary aids to qualified handicapped persons with impaired sensory, manual, or speaking skills where a refusal to make such provision would discriminatorily impair or exclude the participation of such persons in a program or activity receiving Federal financial assistance," *id.* § 42.503(f).

98.     Defendant Bobo in her capacity as Tuscaloosa County's AEM is an agency or instrumentality of the state of Alabama and receives federal financial assistance, and therefore is subject to the requirements of Section 504.

99.     Defendant Potts in her capacity as Mobile County's AEM is an agency or instrumentality of the state of Alabama and receives federal financial assistance, and therefore is subject to the requirements of Section 504.

100.    Defendant Anderson-Smith in her capacity as Jefferson County's AEM for the Birmingham division is an agency or instrumentality of the state of Alabama and receives federal financial assistance, and therefore is subject to the requirements of Section 504.

101.    Absentee voting is a service, program, or activity provided by Defendants.

102.    Ms. Clayton, Mr. Rissling, Ms. Pressley, Dr. Peebles, and NFB-AL members are people with disabilities under Section 504.

103.    Mr. Rissling, Ms. Pressley, Ms. Clayton, Dr. Peebles, and NFB-AL members are registered to vote in Tuscaloosa, Mobile, and Jefferson Counties, respectively, and are eligible to

vote absentee and are thus qualified individuals with disabilities entitled to the protections of Section 504.

104.    Defendants have failed and continue to fail to provide voters with vision and print disabilities an opportunity to vote that is equal to the opportunity provided to other voters.

105.    In refusing to implement an accessible electronic absentee ballot system, Defendants are withholding an auxiliary aid or service that would allow Plaintiffs equal access to absentee voting.

106.    Accordingly, Defendants have discriminated and continue to discriminate against Plaintiffs with respect to absentee voting.

107.    As a result of Defendants' actions and inactions, Plaintiffs have suffered and continue to suffer from discrimination and unequal access to Defendants' program, service, or activity of voting by absentee ballot.

108.    Mr. Rissling, Ms. Pressley, Ms. Clayton, Dr. Peebles, and NFB-AL members, are at imminent risk of irreparable harm absent injunctive relief providing an accessible, electronic absentee voting option in upcoming elections.

109.    Defendants' failure to provide blind and print disabled voters with an equal opportunity to vote by absentee ballot is an ongoing violation of Section 504.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that this Court enter judgment in their favor and award them the following relief:

A.      A permanent injunction prohibiting Defendants from violating the ADA and Section 504 and requiring Defendants to remedy the inaccessibility of their absentee ballot

systems by implementing a remote accessible vote-by-mail system, including electronic delivery and return of ballots, for people with vision and print disabilities for all future elections;

   B.   A declaration that Defendants have and continue to violate the ADA and Section 504 by failing to offer accessible electronic ballots to voters with vision and print disabilities who are eligible to vote absentee;

   C.   An award of Plaintiffs' reasonable attorneys' fees, litigation expenses, and costs; and

   D.   Such other and further relief as the Court may deem just and proper.

                              Respectfully submitted,

                              _____/s/ William Van Der Pol, Jr._____
                              William Van Der Pol, Jr. (AL Bar #2112114F)
                              Alabama Disabilities Advocacy Program
                              2008 12th St.
                              Tuscaloosa, AL 35401
                              (205) 539-2031
                              wvanderpoljr@adap.ua.edu

                              Eve L. Hill*
                              Lauren J. Kelleher*
                              Brown, Goldstein & Levy LLP
                              120 E. Baltimore St., Ste. 2500
                              Baltimore, MD 21202
                              (410) 962-1030 (phone)
                              (410) 385-0869 (fax)
                              ehill@browngold.com
                              lkelleher@browngold.com

                              Bradley Heard*
                              Sabrina Khan*
                              Jess Unger*
                              Ahmed Soussi*
                              Southern Poverty Law Center
                              150 E. Ponce de Leon Avenue, Suite 340
                              Decatur, GA 30030
                              (470) 521-6700 (phone)

bradley.heard@splcenter.org
sabrina.khan@splcenter.org
jess.unger@splcenter.org
ahmed.soussi@splcenter.org
*Counsel for Plaintiffs*

*Motions for Admission or Motions to Participate *Pro Hac Vice* will be filed after case opening.